**Fulton v. Schwartz**

*Marvin S. Haber,* for plaintiff.

*Kevin H. Wright,* for defendants Dr. Schwartz, D.O., Dr. Smoger M.D. and Dr. Steinburg M.D.

*David J. Griffith,* for defendant Dr. Edelstein., D.O.

BATTLE, *J.,* November 28, 1994—The defendant, Lawrence Park Radiologic Center, has filed a motion for summary judgment.

This case involves a claim of medical malpractice initiated by Sarah Ellen Fulton and her husband, Robert Fulton. Sarah Ellen Fulton has since departed this life. The plaintiffs brought suit against Lawrence Park, Murray Schwartz, D.O., Barry Smoger, M.D., Stanley Steinberg, M.D. and Gerald Edelstein, D.O. The claim against Doctors Schwartz, Smoger and Steinberg were dismissed without prejudice by stipulation. Thus, Lawrence Park and Dr. Edelstein are the remaining defendants in this suit.

The relevant material facts are as follows. On April 26, 1990, plaintiff, Sarah Ellen Fulton, underwent a bilateral mammography at the Lawrence Park Radiologic Center. Dr. Edelstein, allegedly an independent contractor for Lawrence Park, read the mammogram and issued a report indicating there was no apparent evidence of malignancy.

In August of 1990, Sarah Ellen Fulton began to complain of head and neck pain. In October of 1990, she underwent a bone scan which indicated that she had metastasized cancer. The metastasis originated in Sarah Ellen Fulton's right breast. Sarah Ellen Fulton died on

May 10, 1993. The plaintiffs alleged that the mammogram performed at Lawrence Park and read and reported by Dr. Edelstein did contain evidence of a possible malignancy. Plaintiffs further allege that the failure to report the possible malignancy was malpractice. Lawrence Park argues that it is entitled to summary judgment.

"Summary judgment is only appropriate where viewing all the facts in the light most favorable to the nonmoving party and resolving all doubts as to the existence of issues of material fact against the moving party, the moving party is entitled to judgment as a matter of law." *Dorohovich v. West American Insurance Co.,* 403 Pa. Super. 412, 419, 589 A.2d 252, 256 (1991).

Lawrence Park argues that the plaintiffs lack an expert opinion concerning its alleged negligence. Thus Lawrence Park argues that plaintiffs, as a matter of law, have failed to establish a prima facie case against it. This court disagrees. In fact, plaintiffs produced a letter from Dr. Stanley L. Sizeler which stated that if the radiologic technician "did not recognize the necessity for the additional views, and no radiologist was available for consultation at that time, the patient should have been asked to return for additional views (local compression views with varying angles, etc.)." Here, there is clear evidence of a material fact in controversy, namely the possible negligence of Lawrence Park's radiologic technician.

This court next considers whether Lawrence Park is vicariously liable for the acts of its independent contractor, Dr. Edelstein. Plaintiffs allege that Lawrence Park should be held liable under an ostensible agency theory. In the past this theory has been used to hold a hospital or HMO liable for the acts of independent contractor physicians. Our Superior Court in *Capan*

*v. Divine Providence Hospital,* 287 Pa. Super. 364, 430 A.2d 647 (1980), considered the vicarious liability of a hospital concerning a patient who suffered fatal injuries following emergency treatment performed by a physician who was an independent contractor. The *Capan* court examined the Restatement of Torts 2d §429 (1965) during its consideration of this issue. Section 429 provides in part:

"One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants." *Id.* at 367, 430 A.2d at 648.

The *Capan* court noted that section 429 was recognized as law in Pennsylvania. *Id.* at 368, 430 A.2d at 648. The *Capan* court determined that a hospital could be held liable because a patient "will look to the institution rather than the [specific] physician for care." *Id.* at 368, 430 A.2d at 649. The court further held that "it would be unfair to allow the 'secret limitations' on liability contained in a doctor's contract with the hospital to bind the unknowing patient." *Id.* at 369, 430 A.2d at 649. In the case at bar, the patient was referred to Lawrence Park and not a specific physician. She had no way of knowing that Dr. Edelstein was not an employee but an independent contractor. Dr. Edelstein read the mammogram and issued a report solely as a result of Sarah Ellen Fulton's visit to Lawrence Park. Sarah Ellen Fulton did not specifically request any doctor. Lawrence Park "supplied" Dr. Edelstein to issue the report. Thus Sarah Ellen Fulton could reasonably believe that Dr. Edelstein was an employee

or servant of Lawrence Park. Hence, Lawrence Park could possibly, under an ostensible agency theory, be held liable for negligence. Therefore, for the reasons set forth above, the motion for summary judgment must be denied.

## ORDER

And now, November 28, 1994, upon consideration of the motion for summary judgment of defendant Lawrence Park Radiologic Center, it is hereby ordered and decreed that said motion is denied.